UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVA TOLDI, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HYUNDAI CAPITAL AMERICA d/b/a HYUNDAI MOTOR FINANCE,<br><br>    Defendant. | Case No. 2:16-cv-01877-APG-GWF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STAY**<br><br>(ECF Nos. 11, 12) |

    Plaintiff Eva Toldi alleges that defendant Hyundai Motor Finance used a robo-dialer to repeatedly call her cell phone (even after Toldi had called Hyundai back and asked it to stop). She filed this action asserting that Hyundai's annoying calls violated the Telephone Consumer Protection Act ("TCPA"). Hyundai now moves to dismiss Toldi's complaint, or, in the alternative, to stay this case.

    As to dismissal, Hyundai raises one narrow argument: Toldi has not alleged that she was concretely injured by the calls, so she has no Article III standing. But the fact that Hyundai violated the TCPA by repeatedly calling Toldi with a robo-caller is enough of a concrete injury for purposes of standing. And even if it were not, Toldi has alleged she was concretely injured in other ways, such as by having her privacy invaded.

    Alternatively, Hyundai urges me to stay this case because another court may soon announce a ruling that could have some impact on whether Hyundai is liable here. Hyundai has not shown that a stay is warranted, so I decline to grant one.

I. **ANALYSIS**

**A. Toldi has adequately alleged that she was concretely injured by Hyundai's calls.**

Hyundai's motion to dismiss raises one argument: Toldi has not sufficiently alleged that she was injured by Hyundai's calls, so she has no Article III standing.

To have standing under Article III of the Constitution, the plaintiff must show that she was injured in a concrete way.[1] A concrete injury need not be a tangible one. "[T]angible injuries are perhaps easier to recognize," but the Supreme Court has confirmed "that intangible injuries can nevertheless be concrete."[2] The Court has held, for example, that having one's right to speech interfered with is a concrete injury.[3]

The case law offers two sources to guide courts when determining whether an intangible harm is concrete enough: Congress and history. In the context of statutory schemes like the TCPA, Congress plays an "important role" in figuring out which kinds of injuries are "concrete," because it is "well positioned to identify intangible harms that meet minimum Article III requirements."[4] Although Congress does not automatically create standing merely by giving the public a right to sue when a defendant violates a statute, Congress's decision to protect against a certain injury can indicate that this injury is concrete for purposes of Article III. For example, the Supreme Court found that when Congress passed legislation giving voters the right to obtain election information—and voters were prevented from obtaining that information—the voters were concretely injured.[5]

In addition to Congressional guidance, courts consider history: whether "an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."[6] If a plaintiff alleges that the

---

[1] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992).

[2] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

defendant's violation of a statute caused a harm similar to a traditional, concrete injury, the plaintiff has standing.[7]

A vast number of cases have addressed whether a plaintiff receiving automated calls that violate the TCPA is the sort of intangible harm that confers standing. And virtually all of them agree that it does.[8] These courts point to the fact that both Congress and history suggest that TCPA violations create concrete injuries. As to Congressional guidance, in passing the TCPA in 1991, Congress meant to combat a substantive harm, not just a procedural one. Congress was aiming to protect consumers from the "nuisance, invasion of privacy, cost, and inconvenience that autodialed and prerecorded calls generate."[9] In this way, the TCPA is different from statutes that can be violated without harming a consumer, such as statutes that merely regulate how companies manage data or keep records.[10] By passing legislation that explicitly protects consumers from receiving autodialed calls, Congress identified a concrete injury that confers standing.[11]

---

[7] *Id.*

[8] *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992, at *5 (D.N.M. Oct. 19, 2016) ("The list goes on, with each [case] finding that the bare statutory violation of the TCPA constitutes sufficient 'concrete' injury for Article III standing."); *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017); *Ung v. Universal Acceptance Corporation*, 2016 WL 4132244, at *2 (D.Minn., 2016) ("Cases . . . have repeatedly recognized that the receipt of unwanted phone calls constitutes a concrete injury sufficient to create standing under the TCPA.") (citing cases); *Sartin v. EKF Diagnostics, Inc.,* No. CV 16-1816, 2016 WL 7450471, at *4 (E.D. La. Dec. 28, 2016); *Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 WL 193560, at *4 (E.D. Mo. Jan. 18, 2017) ("Unwanted calls cause a risk of injury due to interruption, distraction, and invasion of privacy. These are concrete injuries and not just bare procedural violations.").

[9] Rules & Regulations Implementing the Telephone Consumer Protection Act, 30 F.C.C.R. 7961, 7979 (2015).

[10] *LaVigne,* 2016 WL 6305992, at *5 ("Unlike the FCRA, there is no 'gap' where some violations of the TCPA result in the harm Congress intended to curb, and some do not. Rather it is the 'receipt of unsolicited telemarketing calls that by their nature invade the privacy and disturb the solitude of their recipients.'") (citation omitted); *Glasser v. Hilton Grand Vacations Co., LLC*, No. 8:16-CV-952-T-27AAS, 2017 WL 34823, at *2 (M.D. Fla. Jan. 3, 2017) ("Unsolicited calls are a 'nuisance' and an 'invasion of privacy.'").

[11] Hyundai also argues that I should consider whether Toldi has sufficiently alleged that her privacy was actually invaded or whether the calls she received were actually bothersome. For example, Hyundai points out: maybe Toldi did not even hear many of the calls she received. But the Supreme Court has made clear that even a significant risk of injury is enough to confer standing—so whether Toldi actually received these calls is not particularly relevant.

And as to history, when a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance.[12]  Indeed, the Supreme Court has acknowledged that the TCPA protects against "an intrusive invasion of privacy" and that automated calls "were rightly regarded by recipients as 'an invasion of privacy.'"[13]

Hyundai cites to a single outlier case to support its position that a violation of the TCPA does not create a concrete injury: *Romero v. Department Stores National Bank*.[14]  This case has been heavily criticized, and for good reason.[15]  The court there ignored the fact that intangible harms like the one Toldi suffers here have long been recognized in the caselaw and now by Congress.  *Romero* is also distinguishable given that it was decided at the summary judgment stage, not the motion to dismiss stage as is the case here.[16]  I find more persuasive the approach taken by the majority of other courts: by alleging that she received robocalls in violation of the TCPA, Toldi has alleged that she suffered a concrete injury for purposes of standing.

And even if I were to require more, Toldi alleges that she suffered additional concrete injuries.[17]  She alleges that Hyundai's robocalls caused her stress, that they interfered with her

---

[12] *LaVigne,* 2016 WL 6305992, at *5.

[13] *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

[14] No. 15-CV-193-CAB-MDD, 2016 WL 4184099 (S.D. Cal. Aug. 5, 2016).

[15] *LaVigne*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992, at *6 ("Defendants have also offered *Romero*, which is hardly convincing. Under its rather draconian analysis, a plaintiff would find it almost impossible to allege a harm as a result of these robocalls."); *Cabiness*, 2017 WL 167678, at *2 ("[T]he Court does not find the reasoning in [*Romero*] to be persuasive. As other courts have noted, the *Romero* court's approach 'ignores the existence of intangible harms that have been recognized in the legislative history and in the case law.'"); *Nghiem v. Dick's Sporting Goods, Inc.,* No. SACV1600097CJCDFMX, 2016 WL 8203204, at *4 (C.D. Cal. Dec. 1, 2016) ("In light of the specific purpose and history of the TCPA, the Court agrees with those federal courts that have criticized the *Romero* line of cases."); *Smith v. Blue Shield of California Life & Health Ins. Co.*, No. SACV1600108CJCKESX, 2017 WL 167451, at *5 (C.D. Cal. Jan. 13, 2017).

[16] When deciding whether to dismiss a complaint for lack of standing, I must construe all the alleged facts in a light favorable to the plaintiff, and I must assume all of those facts are true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

[17] A few courts have found that a violation of the TCPA does not automatically confer standing, but that in any event, a plaintiff merely needs to show that she was sufficiently annoyed and wasted her time and energy on calls to establish a concrete injury. *See, e.g., Juarez v. Citibank, N.A.*, No. 16-CV-

ability to use her cell phone (which is obviously true at least during the periods that she answered calls from Hyundai), and that receiving these calls caused her "out of pocket losses, including monies paid to her wireless carrier for the receipt of [Hyundai's] calls."[18]  As to this last injury, Hyundai contends that Toldi has not shown that she actually suffered these losses.  But proving that her specific allegations are true is a matter for trial, not a complaint.  Toldi specifically alleges that she paid for Hyundai's calls—neither I nor Hyundai can question that allegation at this stage.

Toldi has sufficiently alleged that she has standing to sue, so I deny Hyundai's motion to dismiss.

### B.  I decline to grant a stay.

In the alternative, Hyundai asks that I stay this case pending the D.C. Circuit's decision in *ACA International v. Federal Communications Commission*.[19]  The D.C. Circuit is considering whether to overturn a recent FCC Order that interprets provisions of the TCPA.[20]  Hyundai contends that if the FCC's interpretations of key TCPA provisions are overruled, that might impact whether Hyundai is liable in this case.

I have broad discretion in deciding whether to stay a case.[21]  I may consider "factors such as any potential prejudice to the non-moving party, hardship or inequity to the moving party if the proceedings are not stayed, and the interests of judicial economy and efficiency."[22]

---

01984-WHO, 2016 WL 4547914, at *3 (N.D. Cal. Sept. 1, 2016).  Here, even if a bare violation of the TCPA did not confer standing, Toldi nevertheless alleges other concrete injuries, as I explain below.

[18] ECF No. 1 at 7.

[19] *ACA International, et al. v. Federal Communications Commission and United States of America*, No. 15-1211 (D.C. Cir. July 19, 2015).

[20] *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Docket No. 02-278, WC Docket 07-135.

[21] *Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *Rohan ex. rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003).

[22] *Mangani v. Merck & Co.*, No. 206-CV00914-KJD-PAL, 2006 WL 2707459, at *1 (D. Nev. Sept. 19, 2006).

A stay is not warranted at this stage. Hyundai vaguely suggests that "[c]ore issues in this case lie at the heart of ACA's petition for review." But it does not explain precisely what those core issues are or how the D.C. Circuit's decision might specifically impact this case or Hyundai's defense strategy. And a stay would prejudice Toldi by delaying this case indefinitely while that other case winds its way through the appellate process including, potentially, to the Supreme Court. Hyundai's conclusory statements thus do not convince me that a stay is warranted at this time.[23]

### III.   CONCLUSION

IT IS THEREFORE ORDERED that the defendant's motion to dismiss **(ECF No. 11) is DENIED**.

IT IS FURTHER ORDERED that the defendant's motion to stay **(ECF No. 12) is DENIED**.

DATED this 23rd day of February, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[23] *Cabiness*, 2017 WL 167678, at *3 (finding no stay warranted in similar TCPA case).